UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

THE ALEXANDER BUILDING, LLC                CIVIL ACTION

V.                                         NO. 08-1513

QUEEN & CRESCENT HOTEL, LLC, ET AL         SECTION "F"

ORDER AND REASONS

Before the Court is James E. Smith Jr.'s motion to dismiss under Rule 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure.  For the reasons that follow, the  motion is DENIED.

## Background

This dispute is against four defendants: three LLCs who either have an interest in or manage the Queen & Crescent Hotel in New Orleans, and one individual, James E. Smith, Jr.  The plaintiff claims that the defendants have failed to pay rent, taxes, insurance, maintenance, and late fees in breach of a lease agreement.  The suit is for $781,718.66 in past due and accelerated future rent or, alternatively, termination of the lease, back rent, taxes, insurance, maintenance, late fees, and compensation for other damages and losses.

The plaintiff owns the building at 336 Camp Street next to the hotel.  Defendants Queen & Crescent Hotel, LLC and James E. Smith, Jr. operated the Queen & Crescent Hotel in 2003 and allegedly

1

leased two suites in 336 Camp Street in September 2003. The plaintiff claims that Smith signed the lease for these suites as "Managing Member" of "Queen & Crescent, L.L.C.," listing "Queen & Crescent, L.L.C." as lessee. The primary term of the lease was to end on December 31, 2007, and the lease provided for one four-year renewal. The plaintiff contends that there is no such entity as "Queen & Crescent, L.L.C." registered with the Louisiana Secretary of State, but that the Queen & Crescent Hotel used the rented suites beginning in September 2003.[1]

The plaintiff claims that on June 15, 2005, representatives of the defendants requested to extend the term of the commercial lease, and that the plaintiff agreed to extend the term of the lease until December 31, 2015.[2] An "Addendum" to the original lease is part of the complaint and calls for higher rental amounts and an extended term. The Addendum also states that "[a]ll other

---

[1] The three LLCs that are defendants in this case are Queen & Crescent *Hotel*, LLC; Q&C Holding, LLC, and Q&C Holding Manager, LLC. It appears that the LLC listed on the lease was either a typographical error, or, as plaintiffs allege, a fictitious name under which the defendants did business. Queen & Crescent Hotel, LLC was the only one of the LLCs named as defendants in existence at the time the lease was signed in 2003. On June 7, 2005, the members of Queen & Crescent Hotel, LLC formed Q&C Holding, LLC, and its sole member, Q&C Holding Manager, LLC. On June 14, 2005, Queen & Crescent Hotel, LLC transferred property to Q&C Holding, LLC in return for 98% of the membership interest in Q&C Holding, LLC.

[2] The Complaint does not state who signed the Addendum, but the Reply Memorandum filed by Mr. Smith in support of his motion to dismiss states that Mr. Schcheuermann signed the Addendum, which is supported by the Addendum.

terms and conditions of the Lease shall remain in full force and effect during its existing and extended term(s), and in no other respect is the Lease altered or affected in any way other than by those items and/or paragraphs herein amended." The Addendum also listed "Queen & Crescent LLC" as the lessee.[3]

In September 2007, Glenn F. Scheuermann, Jr. sent a letter to the plaintiff giving the plaintiff 30-day written notice that the Queen & Crescent Hotel would be vacating one of the suites that the hotel had been renting. Plaintiff pleads that at this time the Queen & Crescent Hotel was represented and directed by Warren L. Reuther, Jr. Plaintiff informed the Queen & Crescent Hotel that it did not have the right to unilaterally cancel the lease or any part of it, and that the lessee would be in default if it attempted to vacate the property. The plaintiff claims that the hotel and defendants have continued to use the leased premises but have failed to pay the plaintiff rent for either of the leased suites. As such, the plaintiff claims that the defendants are in breach of the lease agreement.

The plaintiff alleges in the complaint that James E. Smith, Jr. is liable because he signed the lease as an agent of undisclosed principals, namely the other defendants. The complaint

---

[3] The same day this Addendum was signed, Smith executed a "Mortgage, Assignment of Leases and Rents and Security Interests" as managing member of Q&C Holding Manager, LLC. Mr. Smith represented Q&C Holding, LLC to be the successor in interest to "Queen & Crescent, LLC" at that time.

also charges that Mr. Smith was a managing member of Q&C Holding Manager, LLC and Q&C Holding, LLC, which occupied the leased premises, benefitted from the lease with the plaintiff, and paid or contributed to the payment of the rent. Finally the plaintiff alleges that Smith, on behalf of Q&C Holding Manager, LLC, used the lease as collateral to obtain financing.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)). In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1974 (2007)). "Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted).

Because an answer has been filed in this case, albeit by different defendants, this Court will treat this motion as a motion on the pleadings under Rule 12(c).  See Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 954 (9th Cir. 2004) (holding that a 12(b)(6) motion to dismiss may be treated as a 12(c) motion for judgment on the pleadings if filed after responsive pleadings). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion under Rule 12(b)(6).  Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 n.8 (5th Cir. 2002).

## II.

A member, manager, employee, or agent of a limited liability company acting in such capacity for the company is not personally liable for any debt, obligation, or liability of the LLC. La. Rev. Stat. Ann. § 12:1320(C).  A member who exceeds his authority, however, can be held personally liable.  See Curole v. Ochsner Clinic, LLC, 2001-1734 (La. App. 4 Cir. 2/20/02); 811 So. 2d 92, 97; La. Civ. Code Ann. art. 3019 ("A mandatory who exceeds his authority is personally bound to the third person with whom he contracts, unless that person knew at the time the contract was made that the mandatory had exceeded his authority or unless the

5

principal ratifies the contract."); La. Rev. Stat. Ann. §12:1320(D) ("Nothing in this Chapter shall be construed as being in derogation of any rights which any person may be law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him."). Furthermore, an agent who enters into a contract without disclosing his principal may be liable for the performance of the contract. La. Civ. Code Ann. art. 3018.

The plaintiff alleges that Smith entered into a contract as the agent of an undisclosed principal because he signed a lease as "Managing Member" of "Queen & Crescent, LLC," a business entity does not exist. In response, the other defendants in this case, Queen & Crescent Hotel, LLC, Q&C Holding, LLC, and Q&C Holding Manager, LLC ("Q&C Defendants"), insist that Smith exceeded his authority to execute the lease.

The plaintiff certainly alleges sufficient facts to state a claim against Smith. If Mr. Smith acted as the agent of an undisclosed principal or if he exceeded his authority as the manager of an LLC when signing the lease agreement with the plaintiff, Smith could be personally liable for the terms of that lease. Because this Court must assume all facts alleged by the

6

plaintiff as true for the purposes of this motion, the plaintiff's allegations are sufficient to state a claim against Mr. Smith.[4]

### III.

Mr. Smith also moves that the plaintiff's complaint be dismissed pursuant to Rule 12(b)(7), failure to join a required party under Rule 19.  Rule 19 requires a party be joined if "in that person's absence, the court cannot accord complete relief among existing parties."  If a party qualifies as "necessary" under this requirement, the Court must then determine if joining the party would deprive the court of subject matter jurisdiction.  See Brown v. Pac. Life Ins. Co., 462 F.3d 384, 393-94 (5th Cir. 2006).  Only if the party could not be joined does the Court examine if the party is "indispensable" and if the action must be dismissed.  Id.

This Court need not make that determination.  Mr. Smith alleges that because Warren L. Reuther, Jr. was a member or manager of Q&C Holding, LLC and Q&C Holding Manager, LLC when he attempted

---

[4] Mr. Smith claims in his Reply Memorandum that the Addendum signed in 2005 replaced the original lease agreement, and because he did not sign the Addendum, he cannot be held liable under the original agreement.  Smith has not cited any authority for this proposition, and the language of the Addendum contradicts this claim, stating that "[a]ll other terms and conditions of the Lease shall rem  ain in full force and effect during its existing and extended term(s), and in no other way is the Lease altered or affected in any other way other than by those items and/or paragraphs herein amended."  Additionally, Mr. Smith's claim that even if he did exceed his authority, the LLC ratified his actions is irrelevant for the purposes of this motion because all facts must be viewed in the light most favorable to the plaintiff.  And, it would seem, someone did in fact benefit from Smith's actions through the occupancy of the suites in question.

to unilaterally cancel the lease, complete relief cannot be accorded among the parties unless Mr. Reuther is joined as a defendant.  No allegation is made that Mr. Reuther exceeded his authority as a manager of the LLC or acted in any way that would subject him to personal liability.  Louisiana Revised Statute Section 12:1320(c) states that "[a] member, manager, employee or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company."  Since Mr. Reuther is not alleged to have committed any fraud or wrongdoing that would lead to personal liability under section 12:1320(D), he is not a proper party to this lawsuit.

      Accordingly, the defendants' motion to dismiss is DENIED.

      New Orleans, Louisiana, September 22, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

8